1

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
Adam B. Wolfson (SBN 262125)
adamwolfson@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

2

3

4

5

Raymond N. Nimrod (*pro hac vice*)
raynimrod@quinnemanuel.com
Matthew A. Traupman (*pro hac vice*)
matthewtraupman@quinnemanuel.com
51 Madison Ave.
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

6

7

8

9

10

Attorneys for Plaintiff
MERCK SHARP & DOHME CORP.

11

12

[LIST OF COUNSEL CONTINUED ON
NEXT PAGE]

13

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA

16

WESTERN DIVISION

17

18

19

20

| MERCK SHARP & DOHME CORP., | CASE NO.: 16-cv-04992-GW-AGR |
|---|---|
| Plaintiff/Counterclaim Defendant, | **STIPULATED PROTECTIVE ORDER [PROPOSED]** |
| vs. | Judge: Hon. George H. Wu |
| GENENTECH, INC. and CITY OF HOPE, | [Proposed Order submitted concurrently herewith] |
| Defendants/ Counterclaimants. | |

21

22

23

24

25

26

27

28

*NOTE CHANGES MADE BY THE COURT*

*NOTE CHANGES MADE BY THE COURT*

1   SIMPSON THACHER
    & BARTLETT LLP
2   Jeffrey E. Ostrow (SBN 213118)
    jostrow@stblaw.com
3   2475 Hanover St.
    Palo Alto, CA 94304
4   Telephone: (650) 251-5000
    Facsimile: (650) 251-5002
5
    Katherine A. Helm (*pro hac vice*)
6   khelm@stblaw.com
    425 Lexington Ave.
7   New York, NY 10017
    Telephone: (212) 455-2000
8   Facsimile: (212) 455-2502
9   Attorneys for Plaintiff
    MERCK SHARP & DOHME CORP.
10
    DURIE TANGRI LLP
11  DARALYN J. DURIE (SBN 169825)
    ddurie@durietangri.com
12  ADAM R. BRAUSA (SBN 298754)
    abrausa@durietangri.com
13  LEERON MORAD (SBN 284771)
    lmorad@durietangri.com
14  217 Leidesdorff Street
    San Francisco, CA 94111
15  Telephone: 415-362-6666
    Facsimile: 415-236-6300
16
    IRELL & MANELLA LLP
17  DAVID I. GINDLER (SBN 117824)
    dgindler@irell.com
18  JOSEPH M. LIPNER (SBN 155735)
    jlipner@irell.com
19  1800 Avenue of the Stars, Suite 900
    Los Angeles, CA 90067-4276
20  Telephone: 310-277-1010
    Facsimile 310-203-7199
21
    WILMER CUTLER PICKERING HALE AND DORR LLP
22  Robert J Gunther, Jr (*Pro Hac Vice*)
    Robert.Gunther@wilmerhale.com
23  7 World Trade Center
    250 Greenwich Street
24  New York, NY 10007
    Telephone:  212-230-8830
25  Facsimile:   212-230-8888

26

27

28

WILMER CUTLER PICKERING HALE AND DORR LLP
Richard W. O'Neill (*Pro Hac Vice*)
richard.o'neill@wilmerhale.com
Kevin S Prussia (*Pro Hac Vice*)
kevin.prussia@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone:  617-526-6000
Facsimile:   617-526-5000

Attorneys for Defendants
GENENTECH, INC. and CITY OF HOPE

1   The Court recognizes that at least some of the documents and information

2   being sought through discovery in the above-captioned action ("Action") are not

3   publicly available and, for competitive reasons, normally kept confidential by

4   Plaintiff Merck Sharp & Dohme Corp. ("Plaintiff" or "Merck") and Defendants

5   Genentech, Inc. and City of Hope (collectively, "Defendants") ("Plaintiff" and

6   "Defendants" collectively referred to herein as the "parties"). The parties have

7   agreed to be bound by the terms of this Protective Order ("Order") in this Action.

8   The materials to be exchanged throughout the course of the litigation between the

9   parties may contain trade secret or other confidential research, technical, cost, price,

10   marketing or other commercial information, as is contemplated by Federal Rule of

11   Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the

12   confidentiality of such materials as much as practical during the litigation.

13   THEREFORE:

14                              **DEFINITIONS**

15       1.      The terms "CONFIDENTIAL INFORMATION" and "HIGHLY

16   CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY" (collectively,

17   "RESTRICTED MATERIAL") shall mean and include information contained or

18   disclosed in any material that satisfies the requirements of Paragraphs 7 and 8,

19   respectively. The term "material" shall mean all documents, communications,

20   depositions, pleadings, exhibits, things and all other material or information subject

21   to discovery in this Action, including responses to requests for production of

22   documents, answers to interrogatories, responses to requests for admissions,

23   deposition testimony, expert testimony and reports and all other discovery taken

24   pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at

25   trial, trial exhibits, matters in evidence and any other information used or disclosed

26   at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-

27   party, or witness in connection with this Action. For the avoidance of doubt,

28   RESTRICTED MATERIAL of a non-party produced in this Action shall be

-1-

1  afforded the same degree of protection from disclosure as the RESTRICTED

2  MATERIAL of the parties to this Action. Each party or non-party shall act in good

3  faith in designating such information as CONFIDENTIAL INFORMATION or

4  HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY.  Any

5  information produced in prior litigations and designated Highly Confidential –

6  Attorneys' Eyes Only shall be treated as HIGHLY CONFIDENTIAL

7  INFORMATION: OUTSIDE COUNSEL ONLY in this litigation.

8       2.    The term "Designated In-House Counsel" shall mean up to four in-

9  house counsel in the employ of a party, whose duties require them to assist Outside

10  Counsel to prepare for trial in this matter, and any administrative staff assisting such

11  personnel. Designated In-House Counsel will be subject to the provisions of

12  Paragraph 4.

13       a.    The Designated In-House Counsel for Merck shall be Gerard

14  Devlin and Richard Grochala.

15       b.    The Designated In-House Counsel for Genentech shall be

16  Rebecca Charnas Grant.

17       c.    The Designated In-House Counsel for City of Hope shall be

18  Greg Schetina and Lydia Chan.

19       d.    A party wishing to substitute other, or designate other,

20  Designated In-House Counsel shall provide written notice identifying the counsel

21  and counsel's position and responsibilities. If the party receiving a notice

22  designating in-house counsel objects to the designation, such party shall make its

23  objections known to the sender of the notice, in writing, within seven business days

24  of receipt of the written notification. Such objection must be for good cause and

25  state with particularity the reasons for the objection. If the parties are unable to

26  resolve their objections, the party seeking to make the disclosure may apply to the

27  Court to resolve the matter. No RESTRICTED MATERIAL shall be disclosed to

28  the replacement designated in-house counsel until (i) the seven-day period for

1 | objecting has passed and no objection is served, or (ii) if a timely written objection
2 | is served, the objection is resolved by an order of the Court or by an agreement
3 | among the parties involved.
4 |       3.     The term "Outside Counsel" shall mean outside counsel of record, and
5 | other attorneys, paralegals, secretaries, and other support staff employed by the law
6 | firm(s) of the outside counsel of record, or other persons hired or used by these
7 | firms for the purpose of preparation and trial of this Action, such as discovery
8 | vendors, mock jurors, and trial and jury consultants.
9 |       4.     Designated In-House Counsel shall have no involvement in the
10 | Prosecution of any patent or patent application claiming priority to the patents-in-
11 | suit or any other patent or patent application relating to the manufacture of
12 | antibodies through the transformation of a host cell with DNA and subsequent
13 | expression of an antibody from that cell including applications related to cell culture
14 | media, formulating an antibody, and methods for purifying or characterizing an
15 | antibody ("Patent Prosecution Activities") from the time of receipt of any
16 | RESTRICTED MATERIAL through and including two years following (a) the entry
17 | of a final, non-appealable judgment or order in the liability phase of this Action, or
18 | (b) the complete settlement of all claims against all parties in this Action, whichever
19 | is later. "Prosecution" as used in this Paragraph means direct participation in
20 | drafting, amending, modifying or advising regarding the drafting or amending of
21 | patent claims or participation in domestic and/or foreign patent office
22 | correspondences in connection with such activities or fee payments related to any
23 | such activities. "Prosecution" does not include representing a party in connection
24 | with a challenge to or in defense of a patent before a domestic or foreign agency
25 | (including, but not limited to, an opposition proceeding, a reissue proceeding, *ex*
26 | *parte* reexamination, *inter partes* reexamination, *inter partes* review, or other post-
27 | grant review), provided such representation shall still prohibit a person from
28 | participating in the drafting, amendment, modification, or addition of patent claims

1    in the context of an *inter partes* review and/or a challenge to a patent or patent

2    application before a domestic or foreign agency. For clarity, no party will contend

3    that Designated In-House Counsel have "involvement" in the Patent Prosecution

4    Activities by virtue of their having formal supervisory responsibility over other in-

5    house counsel or patent agents involved in the Patent Prosecution Activities, unless

6    the Designated In-House Counsel in fact exercise that responsibility to direct the

7    preparation or prosecution of specific patent applications relating to the Patent

8    Prosecution Activities.

9         5.     The term "Producing Party" shall mean any party or any non-party who

10   produces for inspection, provides access to, provides copies of, or otherwise

11   discloses RESTRICTED MATERIAL in connection with this litigation.

12        6.     The term "Receiving Party" shall mean any party who receives the

13   RESTRICTED MATERIAL of a Producing Party.

14                         **GENERAL RULES**

15        7.     Material may be designated as CONFIDENTIAL INFORMATION

16   when the Producing Party believes in good faith that the material contains or

17   pertains to information that is not publicly available and that, for competitive

18   reasons, is normally kept confidential by the Producing Party.

19        8.     Material may be designated HIGHLY CONFIDENTIAL

20   INFORMATION: OUTSIDE COUNSEL ONLY when the Producing Party believes

21   in good faith that the material contains CONFIDENTIAL INFORMATION that is

22   considered to be the most sensitive by the party, the unrestricted disclosure of which

23   could be potentially harmful to the business or operations of such party, and that

24   relates to:

25            a.     Licensing agreements unrelated to the patents-in-suit and

26   documents discussing the terms of such licensing agreements;

27            b.     Business plans or business strategy, marketing plans, financial

28   information, and sales forecasts;

-4-

1          c.     Research and development, manufacturing, commercialization,

2  and/or sales of products or potential products related to pembrolizumab, other PD-1

3  or PD-L1 targeting products, bezlotoxumab, or other Clostridium difficile toxin B

4  neutralizing products;

5          d.     Such additional categories as may become necessary and are

6  agreed to between the parties in this Action in writing; or

7          e.     Materials provided by a non-party to this Action at the request of

8  the non-party and with a showing of good cause.

9      9.     In the event the Producing Party elects to produce materials for

10  inspection, no marking need be made by the Producing Party in advance of the

11  initial inspection. For purposes of the initial inspection, all materials produced shall

12  be considered HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

13  COUNSEL ONLY, and shall be treated as such pursuant to the terms of this Order.

14  Thereafter, upon selection of specified materials for copying by the inspecting party,

15  the Producing Party shall, within a reasonable time prior to producing those

16  materials to the inspecting party, mark the copies of those materials that contain

17  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

18  INFORMATION: OUTSIDE COUNSEL ONLY with the appropriate

19  confidentiality marking.

20      10.    The Producing Party may redact the following RESTRICTED

21  MATERIAL or information subject to the attorney-client privilege, work product

22  doctrine, or other legal privilege protecting information from discovery in this

23  lawsuit from documents that it produces:

24          a.     names, addresses, Social Security numbers, tax identification

25  numbers, e-mail addresses, telephone numbers, and any other information that

26  would identify patients;

27          b.     names, addresses, Social Security numbers, tax identification

28  numbers, e-mail addresses, telephone numbers, and any other personal identifying

1  information of health care providers, including but not limited to individuals,

2  organizations, or facilities that furnish, bill, or are paid for healthcare services or

3  supplies;

4      c.    names, addresses, Social Security numbers, tax identification

5  numbers, e-mail addresses, telephone numbers, and any other personal identifying

6  information (not to include race, age, or gender) of individuals enrolled as subjects

7  in clinical studies or adverse event reports;

8      d.    street addresses, Social Security numbers, tax identification

9  numbers, dates of birth, home telephone numbers, and cellular telephone numbers of

10 employees;

11     e.    names, addresses, Social Security numbers, tax identification

12 numbers, e-mail addresses, telephone numbers, and other personal identifying

13 information of any clinical investigator submitting an adverse event to the FDA on a

14 MedWatch form;

15     f.    materials that contain information protected from disclosure by

16 the attorney-client privilege, the work product doctrine, or other legal privilege

17 protecting information from discovery in this lawsuit, which shall be identified in a

18 privilege log; and

19     g.    those portions of documents that contain information relating to

20 the parties' products or molecules not at issue in this litigation.

21     11.    The Producing Party that has redacted information pursuant to

22 Paragraph 10, shall, upon request, identify the nature of the information redacted in

23 a specific document with sufficient detail to allow the Receiving Party to determine

24 whether a challenge to the redacted information may be appropriate. If the

25 Receiving Party has a good-faith basis for challenging the redaction, that party shall

26 inform counsel for the Producing Party in writing of said challenge within fourteen

27 calendar days of receipt of the Producing Party's explanation of the redaction. If,

28 after conferring, the parties cannot resolve the dispute, the Receiving Party

1  challenging the redaction may move for a ruling on the issue of whether certain

2  information is entitled to redaction. If the Court finds that said information should

3  remain redacted, said information shall remain redacted and may not be used as

4  evidence by either party at trial or at a hearing or be relied upon by either party's

5  experts. If the Court finds that said information should not remain redacted, the

6  Producing Party shall provide or file an unredacted version of the document within

7  fourteen calendar days of the Court's decision or, if the Producing Party challenges

8  such a decision, within fourteen calendar days of the conclusion of any and all

9  proceedings or interlocutory appeals challenging the decision.

10      12.    All RESTRICTED MATERIAL designated as CONFIDENTIAL

11  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

12  COUNSEL ONLY shall not be disclosed by the Receiving Party to anyone other

13  than those persons designated herein and shall not be used for any purpose other

14  than this Action as set forth in Paragraph 16, unless and until such designation is

15  removed either by agreement of the parties, or by order of the Court.

16      13.    Information designated HIGHLY CONFIDENTIAL INFORMATION:

17  OUTSIDE COUNSEL ONLY shall be viewed only by:

18          a.    Outside Counsel;

19          b.    Subject to Paragraph 15 of this Order, outside consultants or

20  experts retained by a Receiving Party in this litigation who are not employees or

21  consultants of a Receiving Party or its affiliates;

22          c.    Any person indicated on the face of the document to be its

23  originator, author or a recipient of a copy thereof;

24          d.    The Court and its law clerks, staff, and any jury selected to hear

25  this Action;

26          e.    Stenographic reporters, videographers and their respective

27  assistants who are engaged in such proceedings as are necessary for the preparation

28  and trial of this Action;

-7-

1           f.      Independent copying services, independent computer consulting

2    and support services, independent exhibit makers, independent translators, and other

3    independent litigation support services retained by counsel for purposes of this

4    Action and who are obligated to not disclose CONFIDENTIAL INFORMATION

5    received from counsel; and

6           g.      Others as to whom the Producing Party has given written

7    consent.

8        14.    Information designated CONFIDENTIAL INFORMATION shall be

9    viewed only by those individuals who have access to HIGHLY CONFIDENTIAL

10   INFORMATION: OUTSIDE COUNSEL ONLY, as well as Designated In-House

11   Counsel.

12       15.    The following provisions shall control the dissemination of

13   CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

14   INFORMATION: OUTSIDE COUNSEL ONLY to consultants and experts:

15          a.      A party proposing to show RESTRICTED MATERIAL to a

16   consultant or expert per Paragraphs 13(b) and/or 14 shall first submit the signed

17   acknowledgment attached hereto as Exhibit A, and a curriculum vitae (a "C.V.") to

18   the other party. The C.V. must include or be accompanied by a document setting

19   forth the consultant's or expert's name, current business affiliation and address, and

20   any known present or former relationships between the consultant or expert and the

21   parties to this litigation. The requirements of prior disclosure in this provision will

22   not be a basis for seeking discovery from a non-testifying consultant or expert.

23          b.      Such consultants and experts for the parties shall be entitled to

24   use staff, assistants and clerical workers as they normally do in organizing

25   documents, preparing opinions and doing the other analysis and investigation

26   necessary to assist the experts in completing their assignments provided such

27   persons shall first submit the signed acknowledgment attached hereto as Exhibit A.

28

c.   If a party receiving a notice pursuant to this Paragraph objects to any RESTRICTED MATERIAL being disclosed to the selected consultant or expert, pursuant to this Order, such party shall make its objections known in writing to the sender of the notice within seven business days of receipt of the written notification required by this section. Such objection must be for good cause, stating with particularity the reasons for the objection. RESTRICTED MATERIAL may be disclosed to the consultant or expert if the seven business day period has passed and no objection has been made. If an objection is made, then within seven business days of receipt of an objection, the parties shall meet and confer to attempt to resolve their dispute. If the parties are unable to resolve their objections, the party making the objection has seven business days after the meet and confer to seek relief from the Court. If the party making the objection seeks such relief from the Court, the intended disclosure shall not be made unless and until the Court enters an order authorizing such disclosure. If relief from the Court is not sought within the above seven business days, the objection shall be deemed to have been withdrawn. The party making the objection shall have the burden of proof that the intended disclosure should not occur. If a timely written notice of objection is provided, no RESTRICTED MATERIAL shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the parties involved.

16.   All RESTRICTED MATERIAL disclosed by a Producing Party shall be held in confidence by the Receiving Party, and shall be used by the Receiving Party solely for matters reasonably related to the prosecution or defense of the claims in this Action, including pursuing the allegations in the pleadings in the Action, and for the depositions, preparation of motions, trial of this lawsuit, any appeal of this Action, settlement discussions and negotiations, or any form of alternative dispute resolution in this Action, and for no other purpose whatsoever, whether directly or indirectly, unless and until the restrictions herein are removed

-9-

1    either by written agreement of counsel for the parties, or by Order of the Court.

2    Notwithstanding the restrictions of this Paragraph, RESTRICTED MATERIAL

3    disclosed by a Producing Party in this Action may be used by the parties in the *inter*

4    *partes* review proceedings brought by Merck with respect to U.S. Patent No.

5    6,331,415 under the terms of the protective order entered in those proceedings.

6         17.    Each person receiving RESTRICTED MATERIAL shall take

7    reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

8    information. If RESTRICTED MATERIAL is disclosed to any person other than a

9    person authorized by this Order, the party responsible for the unauthorized

10   disclosure must immediately bring all pertinent facts relating to the unauthorized

11   disclosure to the attention of the other parties and, without prejudice to any rights

12   and remedies of the other parties, make every effort to retrieve the improperly

13   disclosed RESTRICTED MATERIAL and prevent further disclosure by the party

14   and by the person(s) receiving the unauthorized disclosure.

15        18.    No party shall be responsible to another party for disclosure of

16   RESTRICTED MATERIAL under this Order if the information in question is not

17   labeled or otherwise identified as CONFIDENTIAL INFORMATION or HIGHLY

18   CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY, in accordance

19   with this Order.

20        19.    A Producing Party, on its own initiative or at the request of any other

21   party, may remove the designation HIGHLY CONFIDENTIAL INFORMATION:

22   OUTSIDE COUNSEL ONLY or re-designate it as CONFIDENTIAL

23   INFORMATION or may remove the designation CONFIDENTIAL

24   INFORMATION.

25        20.    This Protective Order shall be without prejudice to the right of any

26   party to bring before the Court the question of whether any particular item should no

27   longer be designated as RESTRICTED MATERIAL under the terms of this Order.

28

1  If counsel for a Receiving Party objects to documents or information designated as

2  such, the following procedure shall apply:

3          a.      Counsel for the Receiving Party shall serve on the Producing

4  Party a written objection to such designation, which shall describe with particularity

5  the documents or information in question and shall state the grounds for objection.

6  Counsel for the Producing Party shall respond in writing to such objection within

7  fourteen calendar days, and shall state with particularity the grounds for asserting

8  that the document or information is RESTRICTED MATERIAL. If no timely

9  written response is made to the objection, the challenged designation will be deemed

10 to be void. If the Producing Party makes a timely response to such objection

11 asserting the propriety of the designation, counsel shall then confer in good faith in

12 an effort to resolve the dispute within five business days.

13         b.      If a dispute as to the designation of a document or item of

14 information as RESTRICTED MATERIAL cannot be resolved by agreement, the

15 proponent of the designation being challenged shall present the dispute in

16 accordance with the Local Rules and the Court's Discovery Order in this Action.

17 The document or information that is the subject of the filing shall be treated as

18 originally designated pending resolution of the dispute.

19         c.      In any motion challenging the classification, the Producing Party

20 shall have the burden of establishing the need for classification as CONFIDENTIAL

21 INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

22 COUNSEL ONLY.

23     21.     Any party may reasonably request, in writing, that a party filing or

24 serving a paper in this Action, such as an expert report, dispositive motion,

25 discovery motion, or similar paper, that is marked as CONFIDENTIAL

26 INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

27 COUNSEL ONLY shall produce to the other side a redacted copy of such paper,

28 removing the information that has been designated as CONFIDENTIAL

1   INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

2   COUNSEL ONLY. Such redacted copy shall be provided within five (5) calendar

3   days of such request or otherwise at a date agreed upon by the parties.

4        22.   To the extent that any party has produced documents in this Action

5   prior to the entry of this Order that it has indicated contain or pertain to confidential

6   information, those documents will be treated as having been produced marked

7   HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY

8   pending any re-designation pursuant to this Order.

9        23.   Whenever a deposition taken on behalf of any party involves a

10  disclosure of RESTRICTED MATERIAL of any party:

11            a.   said deposition or portions thereof shall be designated as

12  containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

13  INFORMATION: OUTSIDE COUNSEL ONLY subject to the provisions of this

14  Order; such designation shall be made on the record whenever possible, but a party

15  may designate portions of depositions as containing CONFIDENTIAL

16  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

17  COUNSEL ONLY after transcription of the proceedings; a party shall have until

18  twenty (20) days after receipt of the deposition transcript to inform the other party or

19  parties to these Actions of the portions of the transcript designated

20  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

21  INFORMATION: OUTSIDE COUNSEL ONLY, and each deposition transcript

22  shall be presumptively deemed to be HIGHLY CONFIDENTIAL INFORMATION:

23  OUTSIDE COUNSEL ONLY until the twenty-day period has expired;

24            b.   the Producing Party shall have the right to exclude from

25  attendance at said deposition, during such time as the RESTRICTED MATERIAL is

26  to be disclosed, any person not authorized to receive such RESTRICTED

27  MATERIAL pursuant to this Order; and

28

-12-

1       c.    the originals of said deposition transcripts and all copies thereof

2 shall bear the legend CONFIDENTIAL INFORMATION or HIGHLY

3 CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY, as appropriate.

4     24.    Before any RESTRICTED MATERIAL is filed with the Court for any

5 purpose, the party seeking to file such material shall seek permission of the Court to

6 file said material under seal. The parties will follow and abide by applicable law,

7 including relevant local rules, with respect to filing documents under seal in this

8 Court. The party filing any material pursuant to this paragraph shall also file with

9 the Court and make publicly available at the same time a redacted version that

10 deletes or obscures any RESTRICTED MATERIAL.

11     25.    This Protective Order is intended to be an Order within the meaning of

12 FRE 502(d) and FRE 502(e). The inadvertent, unintentional disclosure of material

13 or information subject to the attorney-client privilege, the work product doctrine or

14 other privilege or immunity shall not be deemed a waiver, in whole or in part, of the

15 relevant privilege or immunity. If a Producing Party at any time notifies the

16 Receiving Party, in writing, that it inadvertently produced documents, testimony,

17 information, or things that are protected from disclosure under the attorney-client

18 privilege, work product doctrine, or any other applicable privilege or immunity from

19 disclosure, the Receiving Party:

20       a.    shall return or destroy all copies of such documents, testimony,

21 information, or things to the Producing Party within three business days of receipt of

22 such notice;

23       b.    shall destroy all notes or other work product reflecting the

24 content of such material and delete or sequester such material from any litigation

25 support or other database within three business days of receipt of such notice; and

26       c.    shall not further use such items for any purpose unless and until

27 further order of the Court.

28

-13-

26.     The return of any discovery item to the Producing Party shall not in any way preclude the Receiving Party from moving the Court within ten business days after serving an objection to the Producing Party for a ruling that: (i) the document or thing is not protected by the attorney-client privilege, the common-interest privilege, the work-product immunity, or any other immunity, or (ii) any applicable privilege or immunity has been waived other than by the inadvertent production of such material. In addition, the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B). The Receiving Party shall not rely upon the fact or circumstances of the production of the information in challenging the claim of privilege or protection. Prior to moving as allowed above, the parties will promptly meet and confer to attempt to resolve any dispute. In no event is this provision intended to be narrower in scope than FRE 502(b), rather it is intended to be as broad as its terms can be reasonably interpreted.

27.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY within a reasonable time after becoming aware of the inadvertent disclosure. Such notice shall constitute a designation of the information, document or thing as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

1    COUNSEL ONLY under this Order and the Receiving Party shall take prompt steps

2    to ensure that all known copies of such material are marked appropriately and

3    treated as such. Nothing in this section shall preclude a party from challenging the

4    propriety of the claim of confidentiality.

5         28.    Nothing in this Order shall require disclosure of information,

6    documents or things which a party contends is protected from disclosure by the

7    attorney-client privilege or the work-product doctrine, or any other applicable

8    privilege or immunity. This Order will not preclude any party from moving the

9    Court for an order directing the disclosure of such information, documents or things.

10        29.    Nothing in this Order shall bar counsel from rendering advice to their

11   clients with respect to this Action and, in the course thereof, relying upon any

12   information designated as CONFIDENTIAL INFORMATION or HIGHLY

13   CONFIDENTIAL INFORMATION: OUTSIDE COUNSEL ONLY, provided that

14   the contents of the information shall not be disclosed.

15        30.    This Order shall be without prejudice to the right of any party to oppose

16   production of any information for lack of relevance or any other ground other than

17   the mere presence of RESTRICTED MATERIAL. The existence of this Order shall

18   not be used by either party as a basis for discovery that is otherwise not proper under

19   the Federal Rules of Civil Procedure.

20        31.    Drafts of expert reports and notes or outlines for draft reports shall not

21   be discoverable by any party and do not need to be identified on a privilege log.

22   Communications between experts and counsel relating to the preparation of expert

23   reports shall not be discoverable and do not need to be identified on a privilege log,

24   except that any facts and/or documents provided to an expert, whether from counsel

25   or any other source, and the source of those documents and/or information are

26   discoverable.  Similarly, communications (including any notes and memorandum)

27   involving Outside Counsel for each Party do not need to be identified on a privilege

28   log if the communications occurred during the pendency of or in reasonable

-15-

1   anticipation of U.S. District Court litigations relating to U.S. Patent Nos. 6,331,415

2   or 7,923,221. The materials, communications and other information exempt from

3   discovery under the foregoing sentences shall be treated as protected by the

4   attorney-client privilege and/or attorney work product doctrine.

5        32.    Upon final termination of this Action, all persons subject to the terms

6   hereof shall collect and return to the respective parties all RESTRICTED

7   MATERIAL and all copies, excerpts, and summaries thereof within 60 calendar

8   days of final termination of this Action (including any appeals), including all copies

9   of such designated materials which may have been made. Alternatively, all persons

10  subject to the terms of this Order may elect to destroy such materials and

11  documents. Notwithstanding the foregoing, Outside Counsel for deponents or each

12  party may retain: one paper copy of all court pleadings and briefs containing such

13  designated materials; one paper copy of all deposition transcripts and deposition

14  exhibits containing such designated materials; paper copies of attorney work product

15  or other documents incorporating or referring to such designated materials; and

16  Outside Counsel's electronic files other than the production sets of documents and

17  things. All such documents retained by Outside Counsel shall remain subject to the

18  terms of this Protective Order. The fulfillment of the obligations imposed by this

19  paragraph, whether by return, destruction, or both, shall be certified in writing by

20  the Receiving Party within 60 calendar days.

21       33.    All obligations and duties arising under this Order shall survive the

22  termination of this Action. ~~The Court retains jurisdiction indefinitely over the~~

23  ~~parties, and any persons provided access to RESTRICTED MATERIAL under the~~

24  ~~terms of this Order, with respect to any dispute over the improper use of such~~

25  ~~designated materials.~~

26       34.    The restrictions and obligations set forth herein shall not apply to any

27  information that: (a) the parties agree should not be designated CONFIDENTIAL

28  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: OUTSIDE

*AGR*

1   COUNSEL ONLY; (b) is already public knowledge; (c) has become public

2   knowledge other than as a result of disclosure by the Receiving Party, its employees,

3   or its agents in violation of this Order; or (d) has come or shall come into the

4   Receiving Party's legitimate knowledge independently of the production by the

5   designating party. Prior knowledge must be established by pre-production

6   documentation.

7       35.    The restrictions and obligations herein shall not be deemed to prohibit

8   discussions of any RESTRICTED MATERIAL with anyone if that person already

9   has or obtains legitimate possession thereof.

10      36.    Nothing herein shall be construed to limit in any way a party's use of

11  its own RESTRICTED MATERIAL.

12      37.    In the event that a new party is added, substituted or brought in, this

13  Order will be binding on and inure to the benefit of the new party, subject to the

14  right of the new party to seek relief from or modification of this Order.

15      38.    Nothing herein shall be construed to prevent disclosure of

16  RESTRICTED MATERIAL if such disclosure is required by law or by order of the

17  Court. In the event that a Producing Party's RESTRICTED MATERIAL is sought

18  from a Receiving Party by any person not a party to this Action, by subpoena, by

19  service with any legal process, by order or otherwise, prompt written notice shall be

20  given to the Producing Party. Such notice shall include a copy of such subpoena,

21  legal process or order. The Producing Party shall have ten (10) business days from

22  receipt of notice to object. Nothing in this Order shall be construed as authorizing a

23  party to disobey a lawful subpoena issued in another action. Nothing in this Order

24  shall be construed as requiring anyone covered by this Order to contest a subpoena

25  or other process, to appeal any order requiring production of RESTRICTED

26  MATERIAL covered by this Order or to subject itself to penalties for non-

27  compliance with any subpoena, legal process or order. Any persons seeking such

28

-17-

1 RESTRICTED MATERIAL who take action to enforce such subpoena or other

2 legal process shall be apprised of this Order.

3     39.   Transmission by facsimile and/or e-mail is acceptable for all

4 notification purposes herein.

5     40.   This Order may be modified by agreement of the parties, subject to

6 approval by the Court.

IT IS SO ORDERED.

DATED: 2/8/2017

*Alicia G. Rosenberg*

UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MERCK SHARP & DOHME CORP., | CASE NO.: 16-cv-04992-GW-AGR |
| Plaintiff/Counterclaim Defendant, | **EXHIBIT A TO PROPOSED PROTECTIVE ORDER** |
| vs. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| GENENTECH, INC. and CITY OF HOPE, | |
| Defendants/ Counterclaimants. | Ctrm: 10, Spring St. Floor<br>Judge: Hon. George H. Wu |

I, _____, hereby acknowledge and agree that:

1.   My address is _____.

2.   My present employer(s) is/are _____.

3.   My present occupation(s) or job description(s) is/are _____.

4.   I have read and understood the provisions of the Protective Order in this case signed by the Court in the above-captioned matter, and I will comply with all provisions of the Protective Order.

5.   I will hold in confidence and not disclose to anyone not qualified under the Protective Order any RESTRICTED MATERIAL or any words, summaries, abstracts, or indices of such information disclosed to me.

6.   I will limit use of designated information disclosed to me solely for purpose of this action pursuant to the provisions of the Protective Order.

7.   No later than the final conclusion of the case, I will destroy or return all designated materials and information, as well as all summaries, excerpts, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

**I declare under penalty of perjury that the foregoing is true and correct.**

_____       _____
Dated                                          Signature

-19-

1  DATED:  February 6, 2017                    Respectfully submitted,

2

3                                             QUINN EMANUEL URQUHART &
                                              SULLIVAN, LLP
4
                                              By  /s/ Matthew A. Traupman
5                                                  Adam B. Wolfson (SBN 262125)
                                                   adamwolfson@quinnemanuel.com
6                                                  865 S. Figueroa St., 10th Floor
                                                   Los Angeles, California 90017
7                                                  Telephone:  (213) 443-3000
                                                   Facsimile:  (213) 443-3100
8
                                                   Raymond N. Nimrod (*pro hac vice*)
9                                                  raynimrod@quinnemanuel.com
                                                   Matthew A. Traupman (*pro hac vice*)
10                                                 matthewtraupman@quinnemanuel.com
                                                   51 Madison Avenue, 22nd Floor
11                                                 New York, NY 10010
                                                   Telephone:  (212) 849-7000
12                                                 Facsimile:  (212) 849-7100

13                                                 SIMPSON THACHER &
                                                      BARTLETT LLP
14                                                 Jeffrey E. Ostrow (SBN 213118)
                                                   jostrow@stblaw.com
15                                                 2475 Hanover St.
                                                   Palo Alto, CA  94304
16                                                 Telephone:  (650) 251-5000
                                                   Facsimile:  (650) 251-5002
17
                                                   Katherine A. Helm (*pro hac vice*)
18                                                 khelm@stblaw.com
                                                   425 Lexington Ave.
19                                                 New York, NY  10017
                                                   Telephone:  (212) 455-2000
20                                                 Facsimile:  (212) 455-2502

21                                             *Attorneys for Plaintiff and Counter-*
                                               *Defendant Merck Sharp & Dohme Corp.*
22

23

24

25

26

27

28

1   DATED:  February 6, 2017          Respectfully submitted,

2                                     DURIE TANGRI LLP

3

4                                     By  /s/ Adam R. Brausa
                                         DARALYN J. DURIE (SBN 169825)
5                                        ddurie@durietangri.com
                                         ADAM R. BRAUSA (SBN 298754)
6                                        abrausa@durietangri.com
                                         LEERON MORAD (SBN 284771)
7                                        lmorad@durietangri.com
                                         217 Leidesdorff Street
8                                        San Francisco, CA 94111
                                         Telephone: 415-362-6666
9                                        Facsimile: 415-236-6300

10                                       IRELL & MANELLA LLP
                                         DAVID I. GINDLER (SBN 117824)
11                                       dgindler@irell.com
                                         JOSEPH M. LIPNER (SBN 155735)
12                                       jlipner@irell.com
                                         1800 Avenue of the Stars, Suite 900
13                                       Los Angeles, CA 90067-4276
                                         Telephone: 310-277-1010
14                                       Facsimile 310-203-7199

15                                       WILMER CUTLER PICKERING HALE
                                         AND DORR LLP
16                                       Robert J Gunther, Jr (*Pro Hac Vice*)
                                         Robert.Gunther@wilmerhale.com
17                                       7 World Trade Center
                                         250 Greenwich Street
18                                       New York, NY 10007
                                         Telephone:  212-230-8830
19                                       Facsimile:  212-230-8888

20                                       WILMER CUTLER PICKERING HALE
                                         AND DORR LLP
21                                       Richard W. O'Neill (*Pro Hac Vice*)
                                         richard.o'neill@wilmerhale.com
22                                       Kevin S Prussia (*Pro Hac Vice*)
                                         kevin.prussia@wilmerhale.com
23                                       60 State Street
                                         Boston, MA 02109
24                                       Telephone:  617-526-6000
                                         Facsimile:  617-526-5000
25

26                                       Attorneys for Defendants and Counterclaim
                                         Plaintiffs GENENTECH, INC. and CITY
27                                       OF HOPE

28
                                         -21-
                    STIPULATED PROTECTIVE ORDER [PROPOSED],  CASE NO. 16-CV-04992-GW-AGR